IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BOSS INDUSTRIES, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>YAMAHA MOTOR CORPORATION USA,<br><br>        Defendant, | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:05CV422 DAK |
| YAMAHA MOTOR CORPORATION USA,<br><br>        Counterclaimant,<br><br>vs.<br><br>BOSS INDUSTRIES, INC. and JAMES ATHERLEY,<br><br>        Counterclaim Defendants. | |

This matter is before the court on Counterclaim Defendant James Atherley's ("Mr. Atherley") Motion to Dismiss Counterclaims and Defendant Yamaha Motor Corporation, USA's ("Yamaha") Motion to Dismiss.  A hearing on the motions was held on March 30, 2006.  At the hearing, Mr. Atherley was represented by Alan M. Anderson, and Defendant/Counterclaimant Yamaha was represented by Tracy H. Fowler.  Before the hearing, the court considered

carefully the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to the motions. Now being fully advised, the court renders the following Memorandum Decision and Order.

## I.  BACKGROUND

Plaintiff Boss Industries ("Boss") is the exclusive licensee of the inventions concerning light-weight snowmobile seats disclosed in US Patent Nos. 6,086,149; 6,386,630; and 6,585,317 (the "patents-in-suit").  Mr. Atherley is the inventor of the patents-in-suit, and he is also the owner and president of Boss.  Boss has the exclusive right to manufacture, use, sell, and distribute snowmobile seats based on the patents listed in the License Agreement.

The Agreement grants Boss the right to "take all steps necessary and proper to protect the Patent and any and all other proprietary rights of the Licensor . . . including, without limitation, to institute and pursue appropriate actions for infringement against any individuals or entities manufacturing, using, selling or distributing the Product or any other product which infringes upon the claims of the Patent or which otherwise infringes upon or diminishes the rights of Licensor and Licensee in and to the Product."

Boss filed a Complaint against Yamaha, alleging infringement of the patents-in-suit. Yamaha subsequently filed counterclaims against both Boss and Mr. Atherley, seeking declaratory relief of invalidity, non-infringement, and unenforceability of the patents-in-suit. The counterclaims asserted against Mr. Atherley are the same as those asserted against Boss.

In his instant motion, Mr. Atherley has moved to dismiss Yamaha's counterclaims against him because, he claims, there is no actual controversy between them.  Yamaha, on the

other hand, opposes Mr. Atherley's motion, contending that Mr. Atherley is an indispensible party as the owner of all the patents-in-suit.  In addition, Yamaha has filed a motion to dismiss the action for failure to join Mr. Atherley as a Plaintiff.

## DISCUSSION

Mr. Atherley claims that this court does not have jurisdiction because there is no actual controversy involving him.  Rather, he claims, it is Boss who has made the charge of infringement.  In addition, he claims that he is not an indispensible party to this litigation because the Agreement gives Boss the right to sue for infringement.   Similarly, Boss claims that it may bring this action without Atherley because it has "all substantial rights" in the patents-in-suit.[1]  He also argues that there is no risk to Yamaha of duplicative litigation if its counterclaims against Mr. Atherley are dismissed because Yamaha would be protected from an identical suit by Mr. Atherley under the doctrine of *res judicata.*[2]

Yamaha, on the other hand, claims that Mr. Atherley is an indispensible party because he owns the patents and maintains substantial rights to enforce the patents under the Agreement with Boss.  According to Yamaha, Mr. Atherley has retained the right to sue for infringement in

---

[1] Boss also requests that if the court determines that Boss does not possess all substantial rights, that the court permit Boss to amend the Complaint to add Mr. Atherley.

[2] The court agrees with Boss that principles of *res judicata* would likely preclude duplicative litigation in this case.  *See, e.g., ETRI, Inc. v. Nippon Miniature Bearing Corp.*, 1989 WL 99575 (N.D. Ill. 1989).  Such a determination, however, is distinct from the question of whether Boss has standing to bring the suit in its own name–without joining the patent owner, Mr. Atherley.  Even if a contract provides that the licensee may sue and that the patent owner would be bound by any resulting judgment, a contract cannot change the statutory standing requirement for suit to be brought by the "patentee."  *See Prima Tek II, LLC v. A-ROO Co.*, 222 F.3d 1372, 1381 (Fed. Cir. 2000); *see also Ortho Pharm. Corp., v. Genetics Inst., Inc.*, 52 F.3d 1026, 1034 (Fed. Cir. 1995).

his own name and he has also retained the right to restrict assignment of the patents and the right to terminate the Agreement with thirty days written notice. Yamaha contends that Mr. Atherley's joinder is essential to satisfy FRCP 19 and to avoid the possibility of multiple suits against Yamaha on the same patents.

Moreover, Yamaha has moved to dismiss Boss' claims against Yamaha because, it claims, Boss does not have standing to assert the claims; rather, it is the patent holder, Mr. Atherley who must assert the claims. According to Yamaha, because Boss is merely the exclusive licensee–and not the title holder–Boss must join Atherley or have its claims dismissed.

The question raised by the instant motions is whether Boss itself may sue for patent infringement or whether Mr. Atherley must also be joined as a Plaintiff. Standing to sue for patent infringement derives from the Patent Act, which provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281. The term "patentee" includes "not only the patentee to whom the patent was issued but also the successor in title to the patentee." 35 U.S.C. § 100(d). The Patent Act also permits patents, or any interest therein, to be assignable by an instrument in writing. 35 U.S.C. § 261. "Section 261 recognizes, and courts have long held, that an exclusive, territorial license is equivalent to an assignment and may therefore confer standing upon the licensee to sue for patent infringement." *Prima Tek II, LLC v. A-ROO Co.*, 222 F.3d 1372 (Fed. Cir. 2000).

While it is clear that Boss has standing to sue, the question is whether Mr. Atherley must still be joined as a Plaintiff. The Supreme Court has held that, "where a patent infringement suit was brought by an exclusive licensee, the patent owner was an indispensible party who was required to be joined, either voluntarily as a plaintiff or involuntarily (by process) as a defendant,

4

in order to satisfy the requirements of standing." *Independent Wireless Tele. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 468 (1926). In *Prima Tek II,* the court stated that "this court continues to adhere to the principle set forth in *Independent Wireless* that a patentee should be joined, either voluntarily or involuntarily, in any infringement suit brought by an exclusive licensee." 222 F.3d at 1377.

Courts, however, have recognized that this general rule is subject to an exception: "where the patentee makes an assignment of all substantial rights under the patent, the assignees may be deemed the effective "patentee" under 35 U.S.C. § 281 and thus may have standing to maintain an infringement suit in its own name." *Prima Tek II, LLC v. A-Roo Co.*, 222 F.3d at 1377; *see also Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1249-50 (Fed. Cir. 2000); *Ortho Pharm. Corp., v. Genetics Inst., Inc.*, 52 F.3d 1026, 1030 (Fed. Cir. 1995); *Vaupel Texilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991). Thus, the question is whether the Agreement between Mr. Atherley and Boss "had the effect of conveying all substantial rights in the patent to the licensee." *Speedplay*, 211 F.3d at 1250; *see also Prima Tek II*, 222 F.3d at 1377-78.

In determining whether the Agreement has conveyed all substantial rights in a patent and is thus tantamount to an assignment, the court must examine the intentions of the parties, the substance of what was granted, and what rights were retained by Boss. *See Prima Tek II,* 222 F.3d at 1378; *State Contracting & Eng. Corp. v. Condotte American, Inc.*, 346 F.3d 1057, 1062 (Fed. Cir. 2003); *Vaupel,* 944 F.2d 870, 874-75 (Fed. Cir. 1991). A party that has been granted all substantial rights under the patent is considered the owner regardless of how the parties characterize the transaction that conveyed those rights. *State Contracting*, 346 F.3d at 1062.

In this case, Mr. Atherley granted to Boss an "exclusive license and right to manufacture, use, sell and distribute Products based on the Invention." *See License and Royalty Agreement*. The Agreement also gives Boss the right to determine at its sole discretion "the terms and conditions upon which it sells or otherwise distributes the Products, including, without limitation, the prices at which it sells the Products." *Id.* The Agreement, however, provides that Mr. Atherley "shall remain the owner of the U.S. Patents, and any U.S. Patent resulting from the U.S. Patent application. Licensee agrees that ownership of the Inventions and any U.S. Patents is and shall remain with [Mr. Atherley]." *Id.* In addition, the Agreement provides that Boss "shall have the right, *but not the obligation*, to take all steps necessary an proper to protect the Patent . . . ." *Id.* (emphasis added). Mr. Atherley has also retained the right to restrict assignment of the patents: Boss "may not assign any rights under this [A]greement, including sublicenses, without the written consent of [Mr. Atherley.] [Mr. Atherley] may assign all rights hereunder." *Id.* Finally, Mr. Atherley "has the right to terminate this Agreement and the License granted to Licensee upon 30 days written notice." *Id.*

While none of these retained rights is itself dispositive, the combination of these rights retained by Mr. Atherley militates in favor of finding that the License Agreement does not convey all substantial rights to Boss, and thus it is not tantamount to an assignment. Accordingly, Boss may not maintain this action without joining Mr. Atherley as a Plaintiff. As requested by Boss in the event the court so ruled, Boss is directed to file an Amended Complaint, naming Mr. Atherley as a Plaintiff.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Counterclaim Defendant James Atherley's Motion to Dismiss Counterclaims is DENIED, and Defendant Yamaha Motor

Corporation, USA's Motion to Dismiss is GRANTED in part and DENIED in part. Plaintiff Boss is directed to file an Amended Complaint naming Mr. Atherley as a Plaintiff by no later than July 25, 2006.

DATED this 17th day of July, 2006.

                         BY THE COURT:

                         _____
                         DALE A. KIMBALL
                         United States District Judge